**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4522**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM GAZAFI,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:13-cr-00472-RWT-1)

Submitted:  January 28, 2015          Decided:  March 2, 2015

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Thomas M. Sullivan, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Gazafi appeals the 120-year, within-Guidelines sentence imposed following his guilty plea to six counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2012). He argues that the district court failed to explain its chosen sentence and that the sentence is substantively unreasonable.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no "'significant procedural error,'" including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Gazafi first challenges the district court's explanation of the sentence. In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not "robotically tick through" every § 3353(a) factor on the record, particularly when the court imposes a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345

(4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court adequately explained its decision to impose a within-Guidelines sentence. The court considered several of the § 3553(a) factors within its discussion, including the nature and circumstances of the current offense; Gazafi's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protect the public. While the district court emphasized the heinous nature of Gazafi's offenses and their effect on the victims, the court also considered Gazafi's lack of criminal history and his military career. The court found that the positive aspects of Gazafi's military service were outweighed by his misuse of the trust his position engendered. The court distinguished the sentences imposed on other defendants in the district, concluding that Gazafi's crimes were among the worst the court had encountered. Finally, the court concluded that a lengthy sentence was necessary to protect the public.

Next, Gazafi argues that his sentence is substantively unreasonable.  Substantive reasonableness is determined by considering the totality of the circumstances.  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citations omitted), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Gazafi has failed to rebut the presumed reasonableness of his within-Guidelines sentence.  The district court assessed the totality of the circumstances, including the applicable § 3553(a) factors, in concluding that a lengthy sentence was necessary to protect the public and to reflect the heinous nature of the crimes.  The court determined that the breadth and circumstances of Gazafi's crimes warranted a 120-year sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED